IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

RICHARD "RUBEN" ROEBUCK,  :  CIVIL ACTION
et al.        :
          :
 v.        :
          :
UNITED STATES GOVERNMENT  :
THROUGH THE DEPARTMENT OF  :
JUSTICE, et al.     :  NO. 03-158

<u>MEMORANDUM</u>

Bartle, C.J.         August 17, 2007

    Plaintiffs, Richard "Ruben" Roebuck, hereinafter called
"Ruben Roebuck," his brother, Harold Roebuck, and their mother,
Helen Roebuck, instituted this action against defendants, the
United States Government through the Department of Justice, the
United States Marshals Service, Deputy United States Marshal
Linda Valerino, the Government of the Virgin Islands, and the
High Intensity Drug Trafficking Administration ("HIDTA").
Plaintiffs allege numerous tort claims and violations of the
United States Constitution.  Before this court is the motion of
all defendants, except the Government of the Virgin Islands, to
dismiss the complaint pursuant the Rules 12(b)(1) and 12(b)(6) of
the Federal Rules of Civil Procedure.

I.

    Under Rule 12(b)(6), a claim should be dismissed only
where it "appears beyond doubt that the plaintiff can prove no
set of facts in support of the claim which would warrant relief."
<u>Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143

(3d Cir. 2004) (citation omitted).  All well-pleaded allegations in the complaint must be accepted as true, and all reasonable inferences are drawn in favor of the non-moving party.  Id.

When considering a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may inquire into facts that are outside of those on the face of the pleadings.  Armstrong World Indus., Inc. by Wolfson v. Adams, 961 F.2d 405, 410 n.10 (3d Cir. 1992).

II.

According to the complaint, the Roebucks, in 1998, were implicated in an ongoing investigation concerning drug related crimes.  The United States Justice Department through the Attorney General's Office released an affidavit, hereinafter called the "Rain Affidavit," which was printed in newspapers and which purportedly made false assertions about the Roebuck family. The United States government also made other public statements that it expected members of the Roebuck family to be arrested on drug related charges.

That same year, the Roebucks' home was searched pursuant to a search warrant.  Plaintiffs allege that the United States Attorney, the United States Marshals Service and HIDTA engaged in "outrageous and offensive conduct" during the search. Richard Roebuck, Helen Roebuck's husband, was purportedly handcuffed to his bed and Helen Roebuck was prohibited from using

-2-

the bathroom without being accompanied by Deputy United States
Marshal, Linda Valerino.[1]

The complaint further alleges that since the 1998
search plaintiffs have been continuously harassed by the United
States Government and Deputy Marshal Valerino.  HIDTA employees
also periodically trespassed on Ruben Roebuck's and Harold
Roebuck's properties and conducted illegal searches.[2]

Plaintiffs also assert in their complaint that on
September 27, 2002 Deputy Marshal Valerino trespassed on property
owned by Helen Roebuck and leased by Ruben Roebuck in order to
conduct an illegal search and to harass plaintiffs.  While on the
property, Deputy Marshal Valerino was confronted by Ruben and
Harold Roebuck.  She told them that she was not intentionally
trespassing on the property but had become lost and was there
accidentally.  Deputy Marshal Valerino reported that Harold
Roebuck assaulted and threatened her.  Harold Roebuck was then
arrested.

As the result of the aforementioned incidents,
plaintiffs filed administrative tort claims with the United
States Marshals Service.  Ruben Roebuck's claim was received on
October 9, 2002, and the claims of Helen Roebuck and Harold

---

1.  The complaint discusses "properties" owned or used by the
Roebucks without providing the addresses of those properties.
The plaintiffs' residences, and the exact number of properties
involved are not identified in the complaint.

2.  Again, it is unclear from the complaint the location of these
properties as well as who owns them and resides there.

-3-

Roebuck were received on February 11, 2003.  Plaintiffs maintain
in their complaint that the United States Attorney brought false
criminal charges against Harold Roebuck in retaliation for their
administrative tort claims.  Finally, plaintiffs allege that in
May, 2003 a HIDTA employee was again seen trespassing on Harold
Roebuck's property.

Plaintiffs instituted the present action against
defendants on September 25, 2003.  The complaint contains eight
counts, alleging:  (1) trespass; (2) abuse of process; (3) false
imprisonment, false arrest, and false prosecution of Harold
Roebuck; (4) deprivation of rights under color of law against
defendants Deputy Marshal Valerino and HIDTA only; (5)
defamation, libel, and slander; (6) malicious prosecution of
Harold Roebuck; (7) intentional and negligent infliction of
emotional distress; and (8) deprivation of plaintiffs' right to
be free of illegal searches and seizures.  Plaintiffs
additionally claim they are entitled to punitive damages because
of defendants' conduct.

In their motion to dismiss, defendants characterize
plaintiffs' claims as falling into two categories:  (1) tort
claims, and (2) constitutional claims.  According to defendants,
each category of claims should be analyzed separately under Rule
12(b) of the Federal Rules of Civil Procedure.  We agree with
defendants' characterization and, as plaintiffs do not contest
it, we shall consider the two categories in turn.

-4-

III.

Plaintiffs have alleged six tort claims against the moving defendants: (1) trespass; (2) abuse of process; (3) false imprisonment, false arrest, and false prosecution of Harold Roebuck; (4) defamation, libel, and slander; (5) malicious prosecution of Harold Roebuck; and (6) intentional and negligent infliction of emotional distress.  The complaint, which is not a model of clarity, references the Federal Tort Claims Act ("FTCA").  The FTCA states:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

The FTCA constitutes a limited waiver of sovereign immunity of the United States.  Absent a waiver the United States is immune from suit, and this court lacks subject jurisdiction over any claims for which sovereign immunity applies.  <u>Federal Deposit Ins. Co. v. Meyer</u>, 510 U.S. 471, 475 (1994).

We must first consider the jurisdictional requirements of the FTCA.  <u>See</u> <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003).  Defendants argue that since only the United States may be sued under the FTCA, plaintiffs' claims against the Department of Justice, United States Marshals Service, HIDTA, and Deputy Marshal Valerino should be dismissed pursuant to Rule

-5-

12(b)(1) of the Federal Rules of Civil Procedure.   The FTCA
provides:

> The authority of any federal agency to sue
> and be sued in its own name shall not be
> construed to authorize suits against such
> federal agency on claims which are cognizable
> under section 1346(b) of this title, and the
> remedies provided by this title in such cases
> shall be exclusive.

28 U.S.C. § 2679(a).   "Thus, if a suit is cognizable under
§ 1346(b) of the FTCA, the FTCA remedy is exclusive and the
federal agency cannot be sued in its own name ...." Meyer, 510
U.S. at 476.

Plaintiffs concede that the United States Government
through the Department of Justice and the United States Marshals
Service cannot be sued under the FTCA.   See 28 U.S.C. § 2679 (a).
Thus, plaintiffs agree that the United States is the proper
defendant and should be substituted for the other named federal
agencies.

Defendants initially argued that the United States
should be substituted for HIDTA as the defendant under the FTCA,
even though HIDTA is not a "federal agency."   In their reply
memorandum, defendants seem to abandon that position and argue
instead that HIDTA does not have the capacity to be sued under
Rules 9 and 17 of the Federal Rules of Civil Procedure.   After an
Order of this court instructing the parties to brief the issue,
plaintiffs have conceded that HIDTA lacks the capacity to be
sued.   We will therefore dismiss all tort claims against HIDTA.

Next, defendants maintain that the United States must be substituted for defendant Deputy Marshal Valerino under the FTCA. The Westfall Act states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

28 U.S.C. § 2679(b)(1).

The Attorney General or a United States Attorney may certify that the federal employee was acting within the scope of his or her employment when the alleged tortious conduct occurred and request that the United States be substituted as the defendant. Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000); see also 28 C.F.R. § 15.3. If such a certification is filed, it serves as prima facie evidence that the employee was acting within the scope of his or her employment. Id. If a dispute regarding the scope of employment exists, the plaintiff may be permitted reasonable discovery on the issue. Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994). The plaintiff must then come forward with "specific facts" rebutting the certification. Id. at 741-42 (quoting Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir. 1992)).

In this case, defendants have submitted a certification from David M. Nissman, United States Attorney for the District of the Virgin Islands, which reads, in part:

> I have read the Complaint in this action.  On the basis of the information now available with respect to the allegations therein, I find that the individual defendant Linda Valerino was acting within the scope of her employment with the United States of America at the time of the conduct alleged in the complaint.

(Nissman Aff.).  Plaintiffs challenge the United States Attorney's certification.

Paragraph nine of the complaint states, "[s]ince [1998], the Plaintiffs have been harassed by the U.S. Government and Linda Valerino on a continuous basis."[3]  Defendants argue that in <u>Brumfield</u> our Court of Appeals affirmed the district court's denial of discovery on the scope of employment based on a certification almost identical to the one submitted by U.S. Attorney Nissman.  In that case, however, the court acknowledged that extensive discovery on the scope of employment had already taken place.  <u>Brumfield</u>, 232 F.3d at 379-80.  That is not the situation here.  Plaintiffs have not yet had the opportunity to take discovery regarding whether Deputy Marshal Valerino was acting within the scope of her employment with respect to the

―――――――――――――

3.  We note that the complaint asserts claims against Deputy Marshal Valerino in connection with the 1998 raid of the Roebucks' home.  It is unnecessary to consider whether Deputy Marshal Valerino was or was not acting within the scope of her employment during the 1998 raid because regardless of the outcome of that inquiry, the claims arising from the 1998 raid are time barred.  <u>See</u> discussion <u>infra</u> pp. 12-15.

allegations in paragraph nine of the complaint.  Thus, the United States will not be substituted at this time for Deputy Marshal Valerino with respect to this claim.

Paragraph twelve of the complaint also relates to Deputy Valerino.  It reads:  "[o]n September 27, 2002, Marshal Linda Valerino, <u>while in the course and scope of her occupation</u> as an investigative officer with the U.S. Marshal's [sic] Service, trespassed on the land owned by Helen Roebuck and leased and occupied by Ruben Roebuck to conduct an illegal search and to abuse the Plaintiffs."  (Compl. ¶ 12) (emphasis added).  Defendants argue that this language compels the substitution of the United States as the defendant.

Plaintiffs counter that paragraph twelve of the complaint "applies only to the conduct alleged in the Complaint for which the United States may be liable as the employer of Valerino."  (Pls.' Resp. 9).  We disagree.  The complaint clearly alleges that Deputy Marshal Valerino trespassed while acting within the scope of her employment.  This is precisely the sort of claim that the Westfall Act was designed to address, and substitution of the United States as the defendant is therefore appropriate.

Furthermore, a plain reading of the complaint makes clear that paragraphs thirteen, fourteen, and fifteen of the complaint expound upon paragraph twelve.[4]  It is therefore clear

---

4.  Paragraphs thirteen, fourteen and fifteen of the complaint
(continued...)

to this court that plaintiffs concede that Deputy Marshal
Valerino was acting in "the course and scope of her occupation as
an investigative officer with the U.S. Marshal's [sic] Service"
with respect to the allegations set forth in paragraphs twelve,
thirteen, fourteen, and fifteen of the complaint.  Accordingly,
the United States will also be substituted for Deputy Marshal
Valerino as the defendant in these instances.

Defendants further argue that plaintiffs' claims for
defamation, libel and slander must be dismissed.  Although not so
limited in the complaint, plaintiffs respond that those claims
are alleged in paragraphs fourteen and thirty-four through
thirty-seven of the complaint against Valerino only.  The FTCA
does not provide for a waiver of sovereign immunity for claims

---

4.(...continued)
read:

>             13.  Ms. Valerino falsely claimed she was
> lost and accidentally trespassed.
>
>             14.  When Marshal Valerino was stopped and
> questioned by Harold and Ruben Roebuck as to
> why she was illegally on the Plaintiff's
> property, she falsely reported she was being
> assaulted and threatened by Plaintiff Harold
> Roebuck and swore out a false report that she
> had been the victim of an attempted murder.
> She further falsely indicated where she had
> been on the property and why, and gave false
> testimony to federal investigative officials
> in order to cause the false arrest and
> prosecution of Harold Roebuck.
>
>             15.  The actual reason Linda Valerino was on
> the  property was to illegally conduct a
> warrantless search of Plaintiffs' properties
> and to trespass.

-10-

against the United States arising out of defamation, libel or slander. 28 U.S.C. § 2680(h). Our Court of Appeals has stated that "an individual who is defamed by a federal employee acting within the scope of his or her employment has no remedy due to the protections afforded by the Westfall Act and the FTCA." Brumfield, 232 F.3d at 382 (citing B & A Marine Co., Inc. v. American Foreign Shipping Co., Inc., 23 F.3d 709, 714-15 (2d Cir. 1995); Aviles v. Lutz, 887 F.2d 1046 (10th Cir. 1989)). However, a federal employee acting outside the scope of his or her employment at the time of the defamatory statements may be sued individually. Id. at 382 n.7. Therefore, for plaintiffs' claims for defamation, libel, and slander to withstand defendants' motion to dismiss, Valerino must have been acting outside the scope of her employment.

As we have concluded previously, paragraph fourteen of the complaint expounds upon paragraph twelve, in which plaintiffs concede that Valerino was acting within the course and scope of her employment. Thus, the United States would be the only proper defendant with respect to the allegations of paragraph fourteen. However, as stated above, the FTCA does not waive sovereign immunity of the United States for defamation, libel and slander and thus the claims arising from paragraph fourteen will be dismissed.

Furthermore, paragraphs thirty-four through thirty-seven do not contain any additional allegations and merely contain conclusory statements that defendants' actions constitute

-11-

defamation, libel and slander.[5]  Nowhere do plaintiffs identify

the defamation, libel and slander occurred beyond what is stated

in paragraph fourteen.  Consequently, plaintiffs' claims for

defamation, libel and slander set forth in paragraphs thirty-four

through thirty-seven of the complaint will likewise be dismissed.

Defendants also argue that the tort claims of Ruben

Roebuck under the FTCA arising before October 9, 2000 and the

tort claims of Helen Roebuck and Harold Roebuck arising before

February 11, 2001 are time barred.  The FTCA provides:

> [A] tort claim against the United States
> shall be forever barred unless it is
> presented in writing to the appropriate
> Federal agency within two years after such
> claim accrues or unless action is begun
> within six months after the date of mailing,
> by certified or registered mail, of notice of
> final denial of the claim by the agency to
> which it was presented.

28 U.S.C. § 2401(b).

A claim under the FTCA must therefore be presented to

the appropriate federal agency within two years after the claim

_____

5.  Paragraphs thirty-four through thirty-seven state:

> 34.  Plaintiffs re-allege each and every
> allegation contained in paragraphs 1 through
> 33 as if more fully set out herein.

> 35.  The actions of Defendants constitute
> defamation, libel, and slander against
> Plaintiffs.

> 36.  The actions of Defendants constitute
> defamation per se.

> 37.  As a result, Plaintiffs have been
> damaged as alleged herein.

-12-

accrues.  <u>Zeleznik v. United States</u>, 770 F.2d 20, 22 (3d Cir.
1985).  A claim generally accrues at "the time of the last event
necessary to complete the tort," typically at the time the
plaintiff is injured.  <u>Id.</u>  Under the continuing tort doctrine,
however, a plaintiff's claim will not accrue until the time of
the last act of the continuing practice that is alleged.  As
mentioned previously, Ruben Roebuck's administrative tort claim
was received by the U.S. Marshals Service on October 9, 2002.
Helen Roebuck's and Harold Roebuck's claims were received on
February 11, 2003.

     Plaintiffs counter that all allegations in the
complaint are timely under the continuing tort doctrine because
they have alleged a "continuing practice" of tortious behavior.
We are not persuaded.  The continuing tort doctrine is applicable
when there is a continuous pattern of tortious activity, that is,
where a series of separate events, when taken together, cause the
alleged injury.  <u>See</u> <u>Fowkes v. Pennsylvania R.R. Co.</u>, 264 F.2d
397 (3d Cir. 1959); <u>Malone v. Speciality Prods. & Insulation Co.</u>,
85 F. Supp. 2d 503, 505 (E.D. Pa. 2000).  Although plaintiffs
here state in their opposition to defendants' motion to dismiss
that they have "alleged torts of a continuing nature," the
complaint does not support that assertion.  The 1998 Rain
Affidavit and other statements about the drug investigation, as
well as the subsequent search of the Roebuck's home were clearly
discrete incidents and not part of a pattern of tortious conduct.
Plaintiffs should have been well aware of any injuries arising

from those incidents when they occurred and were required under the FTCA to present their claims, in writing, within two years. They failed to do so, and thus claims arising from the 1998 statements and search are time barred.

The complaint alleges in paragraph nine that "[s]ince [1998], the Plaintiffs have been harassed by the U.S. Government and Linda Valerino on a continuous basis." Plaintiffs argue that under the Federal Rules of Civil Procedure the complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). According to plaintiffs, the allegation in the complaint of harassment on a "continuous basis" is sufficient to warrant application of the continuing tort doctrine. We are not persuaded. This aspect of paragraph nine of the complaint is nothing more than a conclusory allegation. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 & n.8 (3d Cir. 1997). As Moore's Federal Practice has explained: "[C]ourts need not cull a tangled web of multiple pleadings and multiple actions to determine whether a plaintiff has articulated a meritorious claim .... While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." 2 James Wm. Moore et al., Moore's Federal Practice, § 12.34[1][b] (3d ed. 2006) (internal citations and quotations omitted). Paragraph nine of the complaint merely contains plaintiffs' "subjective characterization" of the defendants' action and, even under the

-14-

liberal pleading standard, does not support their reliance on the continuing tort doctrine. Accordingly, all tort claims pursuant to the FTCA arising from the moving defendants' actions toward Ruben Roebuck before October 9, 2000 and toward Helen Roebuck and Harold Roebuck before February 11, 2001 are out of time.

As discussed above, we cannot determine at this stage of the proceedings whether Deputy Marshal Valerino was acting within the scope of her employment during the allegations set forth in paragraph nine of the complaint. If it is ultimately determined that Deputy Marshal Valerino was acting outside of the scope of her employment, the claims are not pursuant to the FTCA. Under Virgin Islands law, the applicable statute of limitations for "any injury to the person or rights of another not arising on contract" is two years. 5 V.I.C. § 31(5)(A). The complaint was filed on September 25, 2003. Thus any claims against her arising before September 25, 2001 are barred.

Plaintiffs' complaint also demands punitive damages and a jury trial. Plaintiffs now concede that the FTCA prohibits punitive damages, 28 U.S.C. § 2674, and that FTCA claims are not triable by jury, 28 U.S.C. § 2402. Therefore, to the extent that plaintiffs seek punitive damages and demand a jury trial for their FTCA claims, defendants' motion will be granted.

Turning to Harold Roebuck's claim for malicious prosecution, moving defendants argue that the claim must be dismissed because the criminal proceedings against him have not been terminated in his favor. <u>See Deary v. Three Un-Named Police</u>

-15-

<u>Officers</u>, 746 F.2d 185, 194 n.11 (3d Cir. 1984).  The prosecution against Harold Roebuck is still pending.  <u>United States of America v. Harold Roebuck</u>, Crim. No. 2002-171 (D.V.I.). Plaintiffs concede that defendants are correct on this point, and therefore we will dismiss this claim without prejudice.

IV.

We turn to plaintiffs' constitutional claims:  (1) deprivation of rights under color of law against Deputy Marshal Valerino and HIDTA; and (2) violations of the Fourth Amendment prohibition on unreasonable search and seizure.  Defendants first argue that Deputy Marshal Valerino is entitled to qualified immunity under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Based on the present record, we cannot determine whether Deputy Marshal Valerino is entitled to qualified immunity and will therefore deny defendants' motion without prejudice.  Because HIDTA lacks the capacity to be sued, all constitutional claims against it will be dismissed.[6]

Defendants challenge the timeliness of plaintiffs' constitutional claims.  Under Virgin Islands law, the applicable

---

6.  Defendants also argue that plaintiffs cannot bring constitutional claims against the United States or its agencies. In response, plaintiffs state that they have not asserted any constitutional claims against those defendants.  The complaint, however, does not make clear against whom the Fourth Amendment claims are alleged.  Given plaintiffs' response, we will treat the Fourth Amendment claim as against Valerino only, and will not separately dismiss that claim against the United States or its agencies.

-16-

statute of limitations is two years.   5 V.I.C. § 31(5)(A).
Plaintiffs argue, as they did with the FTCA, that under the
continuing tort doctrine, the two year clock does not begin to
run until the last tortious act is committed.   Again, we
disagree.   Each alleged "deprivation of rights" and "illegal
search and seizure" was its own discrete incident.   All
constitutional claims against Valerino arising from occurrences
prior to September 25, 2001, that is, more than two years before
plaintiffs' complaint was filed, will be dismissed as out of
time.